T. W. TAYLOR vs. HENDERSON ADAMS, Auditor.

The State is bound, under the Act of 1869–'70, to pay the expenses of conveying convicts to the penitentiary. The Act of 1870–'71, chap. 124, does not repeal the former Act in this respect.

This was a petition for a mandamus, heard before Watts, Judge, at Special Term of Wake Superior Court, January, 1872.

The plaintiff was the sheriff of the county of Henderson. He stated in his petition that one Charles Hutchison was tried and convicted at the last Term of Henderson Superior Court of larceny and sentenced to be confined in the penitentiary for three years. That according to the judgment of the Court he brought the said convict to the penitentiary and delivered him to the officers in charge of that institution. That the incurred expenses, amounted to $100 or more for conveying said convict to the penitentiary, and that the State was bound to pay the same; that he had presented his claim to the Auditor, and he had refused to audit the same. The petition

further stated, that the sum claimed had been allowed by the County Commissioners of Henderson county.

He prayed for a mandamus against the Auditor.

Upon the hearing the petition, His Honor ordered the writ to be issued as prayed for. From which order the defendant appealed.

*Phillips* & *Merrimon* for plaintiff.
*Attorney General* for the defendant.

BOYDEN, J. The Act of 1869–'70, provided that the expense of keeping, maintaining, conveying, and guarding convicts sentenced to confinement in the penitentiary should be defrayed by the State Treasury from the time of the sentence of such convict. The Act of 1870–71, ch. 124, sec. 3, declares "That the State shall not be held liable for the expense of maintaining convicts, until they shall have been received at the penitentiary, nor shall any moneys be paid out of the Treasury for support of convicts prior to such reception." From the wording of these two statutes, we think it is manifest that the Legislature did not intend to repeal that part of the Act of 1869–'70, which enacted that the expense of *conveying* convicts to the penitentiary should be defrayed by the State Treasury as it would be very unjust, that the expense which must be so unequal, and so heavy for the distant counties and so light for Wake and the neighboring counties, and such as are contiguous to the railroads, that the language of the two Acts shows that the Act of 1870–'1, only intended to provide, that thereafter the expense of maintaining convicts should no longer be borne by the State, until their reception at the Pententiary, leaving the other expenses, to be defrayed as provided in the Act of 1869–'70.

In deciding the question of law as above, it may be proper to remark, that this Court does not claim the right to command the Auditor to decide otherwise than according to his

own judgment in the matter, but only that the plaintiff is entitled to have his claim audited and allowed or rejected according to the judgment of the Auditor.

PER CURIAM.                    Judgment affirmed.